BUNTING v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. June 13, 1911.)

No. 1,320.

**1. RAILROADS (§ 222\*)—OPERATION—EMISSION OF SMOKE—NEGLIGENCE.**

In a suit by an adjoining property owner for injuries to his property by the alleged negligent operation of a railroad through the emission of smoke, a city ordinance regulating the emission of smoke by railroads within the city limits, though not conclusive on the issue of negligence; was admissible as bearing on such issue.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 222.\*]

2. RAILROADS (§ 222*)—OPERATION—EMISSION OF SMOKE.

Though a railroad's franchise authorizes it to emit whatever smoke may be necessary in carrying freight and passengers, it is not authorized to exceed the necessities of its business, and is liable for the negligent emission of smoke to the injury of adjoining property owners.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 721; Dec. Dig. § 222.*]

At Law. Action by Annie E. Bunting against the Pennsylvania Railroad Company. On motion for new trial. Denied.

E. Spencer Miller, for plaintiff.
John Hampton Barnes, for defendant.

J. B. McPHERSON, District Judge. [1] After reviewing this case in the light of the careful arguments of counsel upon the pending motion, I am still of opinion that the rulings at the trial were correct. The question of negligence in operating the defendant's locomotives was submitted to the jury, and they were instructed that, while they might consider the ordinance of the city concerning the emission of smoke, the ordinance was not conclusive; meaning, of course, that it was not conclusive as a defense. It was offered on behalf of the defense for the purpose of showing what rules the city had laid down upon this subject, and was admitted without objection. I was asked to declare, however, that it had "no bearing" on the question of negligence; and, if it had *some* bearing, as I think it had, the request was properly refused. But the jury were distinctly instructed that in spite of the ordinance the emission of the volume of smoke permitted by the city might nevertheless be negligence—for this is the plain meaning of the instruction now complained of—and I still believe this instruction to be correct.

In regard to the evidence concerning the limited use of other kinds of fuel by two other railroads, I shall add nothing now to what I said in the charge on that subject. A recent Pennsylvania case is Rocap v. Telephone Co., 230 Pa. at page 604, 79 Atl. 769.

[2] On the principal facts, the dispute presents a situation of conflicting rights. The plaintiff has a right to the unimpaired enjoyment and use of her property; the defendant has a franchise from the state that gives the right to emit whatever smoke may be necessary in carrying freight and passengers. The railroad is not authorized to exceed the necessities of its business. If it negligently emit smoke, it is undoubtedly liable to persons injured thereby. But it is not liable merely on the ground that injury has been done by the smoke from its engines; the smoke must also have been emitted negligently. It sometimes happens that a citizen may suffer injury that is not capable of redress; this is one of the consequences that occasionally results from living in a crowded community under modern conditions. Whenever two rights conflict, one of them must give way; and, in the absence of negligence, the defendant's right that is now in question in confessedly superior to the plaintiff's.

A new trial is refused.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes